IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATIVE BOARD, LIQUIDATING AGENT FOR G.I.C. Federal Credit Union,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>CIUNI & PANICHI, INC. CERTIFIED PUBLIC ACCOUNTANTS, et al.,<br><br>    Defendant/Counterclaimants/<br>    Third-Party Plaintiffs,<br><br>vs.<br><br>WILLIAM J. MEMMER, et al.,<br><br>    Third-Party Defendants. | CASE NO. 5:16-cv-00455<br><br>JUDGE SARA LIOI<br><br>**MOTION OF THIRD-PARTY DEFENDANTS GERALD PAUGH AND JAMES RAMAGLI TO STAY THIRD-PARTY CLAIMS PENDING DISPOSITION OF PLAINTIFF'S MOTION TO DISMISS THIRD-PARTY COMPLAINT OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)** |

Third-Party Defendants Gerald Paugh ("Paugh") and James Ramagli ("Ramagli"), by and through the undersigned counsel, respectfully move this Court to stay the third-party claims asserted by Third-Party Plaintiffs Robert J. Smolko, Lynn A. Basconi, Charles M. Ciuni, and Ciuni & Panichi, Inc. (collectively "Third-Party Plaintiffs") in the Third-Party Complaint against Paugh and Ramagli and the other third-party defendants until the Court rules on the Motion to Dismiss Defendants' Third-Party Complaint filed by Plaintiff National Credit Union Administration Board ("Plaintiff") on August 18, 2016. (*See* Doc. 55.)  As Plaintiff's Motion to Dismiss, if granted, would dispose of the Third-Party Complaint, a temporary stay would be in the interest of judicial economy and save Paugh, Ramagli, and the other third-party defendants considerable time and expense in prematurely responding to, and otherwise defending against, the third-party claims.

Alternatively, Paugh and Ramagli moves this Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for an Order requiring Third-Party Plaintiffs to file an Amended Third-Party Complaint containing a more definite statement of their third-party claims. Instead of setting forth basic allegations as to Paugh, Ramagli, and the other Third-Party Defendants, Third-Party Plaintiffs have simply lumped all thirteen (13) of the named third-party defendants into the same category, making vague and conclusory allegations against them as a whole.

For example, the allegations against Paugh and Ramagli in the Third-Party Complaint are identical despite their different roles and level of involvement with the G.I.C. Federal Credit Union ("G.I.C."). Each served as a volunteer member of the G.I.C. Board of Directors and a member and/or chair of the Supervisory Committee during certain periods of time. During the periods of time they served Paugh and Ramagli's level of involvement varied. The allegations do not specify in which role, or at what time, Paugh and Ramalgi committed the acts alleged to give rise to liability. Accordingly, in the interest of justice and fairness, and to ensure Paugh and Ramagli have the information necessary to properly respond to the third-party claims against them, Third-Party Plaintiffs should be ordered to file an Amended Third-Party Complaint containing a more definite statement specifically delineating their claims against the individual Third-Party Defendants.

A Memorandum in Support of Paugh's and Ramagli's Motion to Stay Third-Party Claims or, Alternatively, Motion for a More Definite Statement is attached hereto and incorporated by reference herein.

        Respectfully submitted,

        *s/Adrienne B. Kirshner*
        Anthony R. Petruzzi (0069102)
        Adrienne B. Kirshner (0075508)
        TUCKER ELLIS LLP
        950 Main Avenue
        Suite 1100
        Cleveland, OH 44113-7213
        Telephone:    216.592.5000
        Facsimile:    216.592.5009
        E-mail:    anthony.petruzzi@tuckerellis.com
                    adrienne.kirshner@tuckerellis.com

        *Attorneys for Third-Party Defendants Gerald Paugh and James Ramagli*

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

This action arises out of the improper actions of William Memmer ("Memmer"), a long-time officer and employee of G.I.C., and the dereliction of duties by Third-Party Plaintiffs as the independent outside auditors of G.I.C. prior to and during G.I.C.'s insolvency. (See Doc. 1.) It was Third-Party Plaintiffs dereliction of duties that led to the liquidation of G.I.C. and monetary loss to the National Credit Union Share Insurance Fund.

Plaintiff filed suit against Third-Party Plaintiffs on the grounds that they failed to properly perform their independent auditor services in accordance with Generally Accepted Auditing Standards and, as a result, published grossly inaccurate audited financial statements that served only to further perpetuate Memmer's fraud. (*Id*.) In an attempt to place the blame on others, Third-Party Plaintiffs filed suit against thirteen (13) named third-party defendants, including Paugh and Ramagli, and numerous John Doe third-party defendants. The claims are based on theories of contribution and indemnification - and appear to allege the Third-Party Defendants failed to act properly in their roles as members of the Board of Directors, Supervisory Committee and/or Investment Committee of G.I.C. (*See* Doc. 11.) Nowhere in the Third Party Complaint does it allege any specific action taken by either Paugh or Ramagli. Of the thirteen (13) named Third-Party Defendants only two are alleged to have specifically done anything (Memmer and Robert Grubb).

Plaintiff filed a Motion to Dismiss the Third-Party Complaint on August 18, 2016 on the grounds that: (1) the third-party claims are barred by 12 U.S.C. § 1787(b)(13)(D) for failure to exhaust administrative remedies; (2) the Third-Party Plaintiffs lack standing to bring their third-party claims; and (3) the specific causes of action fail to state claims upon which relief may be granted. (*See* Doc. 55.) Paugh and Ramagli concur with the Plaintiff's arguments and authority

and urge this Court to dismiss the Third-Party Complaint. Since granting Plaintiff's Motion to Dismiss would dispose of all third-party claims against Paugh and Ramagli, they respectfully request that this Court stay the third-party claims until a decision on the Motion to Dismiss is rendered. The request is being made in the interests of promoting litigation efficiency and judicial economy. Moreover, as Paugh, Ramagli, and the other Third-Party Defendants are personally bearing the expense of their defense in this case, a stay would save them significant unnecessary expense in prematurely responding to, and defending against, the third-party claims which resulted from their willingness to serve as volunteers.

If, however, the Court declines to order a stay, Paugh and Ramagli move this Court for a more definite statement with respect to the Third-Party Complaint. The Third-Party Complaint is woefully deficient and lacking in specificity as to the factual underpinnings of and claims against Paugh, Ramagli, and the other third-party defendants. The Third-Party Complaint simply avers that the third-party defendants were either members of the "Board of Directors, Supervisory Committee and/or Investment Committee" of G.I.C., owed and breached various duties to G.I.C. while acting outside the scope of their authority as agents of G.I.C., retained the services of Third-Party Plaintiffs, failed to adhere to G.I.C.'s internal controls, and did not report such failure or the fraud perpetrated by Memmer to Third-Party Plaintiffs, which would have caused Third-Party Plaintiffs to decline the engagement by G.I.C. (*See* Doc. 11 generally and at ¶¶ 2-5, 11-13, 17-18, 28-31.) It contains no specific factual allegations as to the alleged wrongful conduct of Paugh and Ramagli, doing little more than informing them that a contribution and indemnification-based lawsuit has been filed against them and other purported former officers and directors of G.I.C.

For example, the Third-Party Complaint does not set forth whether Paugh or Ramagli were a member of the Board of Directors, Supervisory Committee, or Investment Committee or the time period in which they served in such capacity.  Nor does it set forth whether Paugh or Ramagli were involved with G.I.C. and/or had any involvement in the selection of Third-Party Plaintiffs, communicated with the Third-Party Plaintiffs, were involved in or had knowledge of the actions of Memmer, or what specifically they failed to disclose to Third-Party Plaintiffs.  Moreover, the Third-Party Complaint does not contain specific time periods in which each of the alleged acts took place.  Simply put, there are no specific facts or references pertaining to Paugh or Ramagli that would enable them to determine what, if any, of the claims and allegations pertain to them and how to properly respond and prepare a defense. As such, the allegations fail to provide Paugh and Ramagli with enough information to notify them as to the Third-Party Plaintiffs' claims against them so that they may properly plead, move, or otherwise respond to the Third-Party Complaint.

Under the applicable Federal Rules of Civil Procedure, Paugh and Ramagli are entitled to pleadings that are sufficiently definite and certain as to enable them to know what is being alleged against them and what they purportedly did wrong during their terms of volunteer service to G.I.C.  Paugh and Ramagli are presently placed at an unfair disadvantage in responding to the Third-Party Complaint, conducting discovery and preparing their defenses since the allegations and legal claims being made against them are unclear.  In the interest of justice and fairness, and should the Court decline to stay the third-party claims pending a ruling upon Plaintiff's Motion to Dismiss the Third-Party Complaint, Paugh's and Ramagli's Motion for a More Definite Statement should be granted.

II. **A STAY OF THE THIRD-PARTY CLAIMS PENDING A RULING UPON PLAINTIFF'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT IS APPROPRIATE**

It is well within this Court's discretion to stay the third-party claims against Paugh, Ramagli, and the other third-party defendants pending a ruling upon Plaintiff's Motion to Dismiss the Third-Party Complaint. *See generally Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Michael v. Ghee*, 325 F.Supp. 2d 829, 831 (N.D. Ohio 2004). Here, the interests of Paugh, Ramagli, the third-party defendants, as well as the Court will be served in staying the third-party claims until the Court rules upon the pending Motion to Dismiss. If the Plaintiff's Motion to Dismiss the Third-Party Complaint is granted, which Paugh and Ramagli maintain that it should, then it would be unnecessary for them and the other Third-Party Defendants to respond to the third-party claims. Requiring Paugh, Ramagli, and the other third-party defendants, to spend the time and expense required to respond to the Third-Party Complaint and otherwise defend against the claims at this juncture would pose an undue financial hardship upon them and would unnecessarily waste their and the Court's resources and time. Given that Plaintiff's Motion to Dismiss will be ripe for ruling in less than forty-five (45) days, no parties will be prejudiced by the granting of a stay for this limited period of time. Accordingly, and in the interests of justice and judicial economy, Paugh and Ramagli respectfully request this Court stay the third-party claims pending a ruling upon Plaintiff's Motion to Dismiss the Third-Party Complaint.

III. **SHOULD THE COURT DECLINE TO STAY THE THIRD-PARTY CLAIMS, THIRD-PARTY PLAINTIFFS SHOULD BE REQUIRED TO SET FORTH A MORE DEFINITE STATEMENT OF THEIR THIRD-PARTY CLAIMS**

If this Court declines to stay the third-party claims, Paugh and Ramagli respectfully request that this Court order Third-Party Plaintiffs to amend their Third-Party Complaint to set forth a more definite statement of their claims because their Third-Party Complaint is so

ambiguous and vague that Paugh and Ramagli are incapable of properly responding to the claims against them.

    A.    **<u>Standard for Granting Fed. R. Civ. P. 12(e) Motion for More Definite Statement</u>**

Fed. R. Civ. P. 8 (a) provides that a complaint must contain a "short and plain statement of the claim, showing that the pleader is entitled to relief." The purpose of Rule 8(a) is to provide the defendant with fair notice of "what the plaintiff's claim is and the grounds upon which it rests." *Joostberns v. United Parcel Services, Inc.*, 166 Fed.Appx. 783, 788 (6th Cir. 2006). The enforcement provision of Fed. R. Civ. P. 8 is Fed. R. Civ. P. 12(e) provides that a party may request a more definite statement when the pleading is "so ambiguous that the responding party is incapable of fashioning an appropriate response." *Ortiz v. Ocwen Loan Servicing, LLC,* N.D .Ohio No. 3:14 cv 1050, 2014 WL 5037209, *3 (Oct. 8, 2014); *Legg v. Amsted Rail Co., Inc.*, S.D. Ohio No. 2:11-CV-00567, 2011 WL 5525993 (Nov. 14, 2011); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 590, fn. 9, 127 S.Ct. 1955 (2007). A complaint is "so vague or ambiguous where the defendant "cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Sun Co., Inc. (R & M) v. Badger Design & Constructors, Inc.*, 939 F.Supp. 365, 368 (E.D. Pa. 1996) (internal citations omitted).

The standard for granting a motion for a more definite statement is whether the complaint "is so vague or ambiguous that a party cannot reasonably be required to form a responsive pleading." Fed. R. Civ. P. 12(e); *see Atkin v. Lewis*, N.D. Ohio No. 5:02CV57, 2002 WL 32121843, fn. 1 (June 24, 2002). At a minimum, facts as to when and where the allegations took place are necessary to provide the fair notice contemplated by the Civil Rules. *See Ogletree v. McNamara*, 449 F.2d 93, 98 (6th Cir. 1971). Where, as here, a plaintiff asserts claims against multiple defendants, "motions for a more definite statement are proper when the factual

allegations do not correspond clearly to claims for relief and when the legal claims do not correspond clearly to the multiple defendants in the complaint." *Banks v. Bosch Rexroth Corp.*, E.D. Ky. No. 5:12-345-DCR, 2014 WL 868118, *9 (Mar. 5, 2014).

### B. Paugh and Ramagli Cannot Reasonably be Required to Frame a Responsive Pleading Because the Third-Party Complaint is Vague and Ambiguous

The Third-Party Complaint contains generic allegations as to all thirteen (13) of the named third-party defendants and the John Doe third party defendants even though the third-party defendants are not similarly situated and served G.I.C. in different capacities at different times. Nowhere do Third-Party Plaintiffs identify any specific acts or omissions committed by Paugh or Ramagli to support their numerous contribution and indemnification-based third-party claims or when they purportedly committed an act or failed to act. In fact, they do not even specify Paugh's or Ramagli's volunteer positions with G.I.C. or the time frame in which they held such positions.

Nor do Third-Party Plaintiffs allege facts pertaining to what if any involvement Paugh and Ramagli had with Third-Party Plaintiffs in regards to any particular audit. For example, Third-Party Plaintiffs broadly claim that all third-party defendants breached the annual engagement agreements between G.I.C. and Third-Party Plaintiffs and tortiously interfered with such agreements. However, they fail to set forth any facts concerning what Paugh or Ramagli allegedly did that constitutes a breach of a specific annual agreement. This lack of specificity and the vagueness in the allegations prevail throughout the entire Third-Party Complaint. Paugh and Ramagli cannot be required to guess what Third-Party Plaintiffs intended to include in the Third-Party Complaint or to respond to each and every vague and ambiguous allegation that may or may not apply to them.

The factual allegations in the Third-Party Complaint are not specific as to Paugh and Ramagli and do not correspond clearly to the claims asserted against them.  It is impossible to decipher what claims and allegations are applicable to Paugh and/or Ramagli, as opposed to other third-party defendants.  Accordingly, Paugh and Ramagli cannot reasonably respond to the Third-Party Complaint and request that this Court order Third-Party Plaintiffs to provide a more definite statement of the third-party claims against them.

### IV.    CONCLUSION

For the foregoing reasons, Gerald Paugh and James Ramagli respectfully move this Court to stay the third-party claims pending a ruling upon Plaintiff's Motion to Dismiss the Third-Party Complaint or, alternatively, an order requiring Third-Party Plaintiffs to file and serve an Amended Third-Party Complaint that sets forth a more definite statement of the claims they are asserting against each Third-Party Defendant.

Respectfully submitted,

*s/Adrienne B. Kirshner*
Anthony R. Petruzzi (0069102)
Adrienne B. Kirshner (0075508)
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Telephone:    216.592.5000
Facsimile:     216.592.5009
E-mail:  anthony.petruzzi@tuckerellis.com
            adrienne.kirshner@tuckerellis.com

*Attorneys for Third-Party Defendants Gerald Paugh and James Ramagli*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

A copy of the foregoing was also sent via regular U.S. Mail, postage pre-paid, this 29th day of August, 2016, to the following:

| | |
|---|---|
| William J. Memmer<br>c/o Federal Corrections Institution<br>Morgantown<br>P.O. Box 1000<br>Morgantown, West Virginia 26507<br><br>*Third-Party Defendant* | Robert Grubb<br>5418 Woodbine Avenue<br>Dayton, Ohio 45432<br><br>*Third-Party Defendant* |

Respectfully submitted,

*s/Adrienne B. Kirshner*
Anthony R. Petruzzi (0069102)
Adrienne B. Kirshner (0075508)
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Telephone:   216.592.5000
Facsimile:    216.592.5009
E-mail:  anthony.petruzzi@tuckerellis.com
              adrienne.kirshner@tuckerellis.com

*Attorneys for Third-Party Defendants Gerald Paugh and James Ramagli*